IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| CABELA'S INCORPORATED and CABELA'S MARKETING AND BRAND MANAGEMENT,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>LOG CABIN HOMES LTD.,<br><br>　　　　　　Defendant. | )<br>)<br>)　Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Cabela's Incorporated and Cabela's Marketing and Brand Management ("Cabela's"), by their attorneys, and for their Complaint against defendant The Original Log Cabin Homes Ltd. ("TOLCH"), state as follows:

## NATURE OF THE CASE

1.　　This is an action for injunctive relief brought to enjoin defendant's unauthorized and unlawful use of Cabela's proprietary names and marks, including its federally-registered trademarks. Cabela's has been and, unless defendant's continuing misconduct is enjoined, will continue to be irreparably harmed by defendant's infringement of Cabela's trademarks and unfair competition. By this action Cabela's seeks preliminary and permanent injunctive relief prohibiting defendant's use of Cabela's trademarks and trade name, and to recover damages caused by reason of defendant's infringement of Cabela's trademarks and unfair competition.

## PARTIES

2.　　Cabela's Incorporated is a Delaware corporation whose principal place of business is at One Cabela Drive, Sydney, Nebraska 69160.

3. Cabela's Marketing and Brand Management is a Nebraska corporation with its principal place of business at One Cabela Drive, Sidney, Nebraska 69160.

4. Defendant TOLCH is a Delaware corporation with its principal place of business at 513 Keen Street, Rocky Mount, North Carolina 27804.

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy. The Court also has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action between citizens of different States and wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. The Court has personal jurisdiction over defendant because defendant transacts business in this judicial district.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)-(c), in that the defendant transacts business in this judicial district and some part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## THE CABELA'S NAME AND MARKS

8. To identify the source, origin and sponsorship of its brand of products, and to distinguish those products from those offered and sold by others, Cabela's has extensively used certain trademarks, trade names, logos, emblems and indicia of origin, including the "CABELA'S" mark (Registration No. 1,151,981, registered April 21, 1981, Class 42), the "CABELA'S" mark (Registration No. 3,130,554, registered August 15, 2006, Class 35), the

"CABELA'S" mark (Registration No. 2,163,936, registered June 9, 1998, Classes 16 and 35) and the "CABELA'S TROPHY PROPERTIES" mark (Registration No. 3,416,978, registered April, 29, 2008, Classes 16, 36, and 37) (together, "the Cabela's Marks").  *See* the Cabela's Marks Registration Certificates, attached as Exhibit A.

9. The Cabela's Marks are registered on the Principal Register of the United States Patent and Trademark Office.  The registrations of the Cabela's Marks continue in full force and effect.

10. Cabela's has given notice to the public of the registration of the Cabela's Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it remains the exclusive user of the Cabela's Marks.

11. Cabela's has continuously used the Cabela's Marks in interstate commerce in connection with the promotion, offer and sale of Cabela's brand of products throughout the United States.

12. Cabela's has extensively advertised and promoted Cabela's brand of products under the Cabela's Marks throughout the United States and through various media.  As a result of such efforts and the considerable money spent in connection therewith, the Cabela's brand of products offered by Cabela's under the Cabela's Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

**DEFENDANT'S INFRINGEMENT AND UNFAIR COMPETITION**

13. Defendant is a former licensee of certain of Cabela's marks, including the Cabela's Marks.  Defendant's former license to use the Cabela's Marks in connection with its manufacture and sale of log cabin homes across the country and Canada was terminated based on repeated repudiation of the parties' license agreement by defendant.

14. Defendant explicitly stated its intention not to perform under the parties' license agreement and attempted to place additional conditions on Cabela's which went beyond the parties' license agreement.

15. Defendant also engaged in voluntary affirmative acts of non-performance of the parties' license agreement.

16. Cabela's materially changed its position in reliance on defendant's repudiation and notified defendant that Cabela's considers the repudiation to be final.

17. Cabela's notified defendant that the parties' license agreement was terminated because of defendant's repudiation on January 19, 2011.

18. Cabela's thus considers the parties' license agreement to be terminated.

19. Defendant has subsequently denied that the parties' license agreement is terminated.

20. Despite termination of defendant's former license to use the Cabela's Marks and its obligation to cease any and all use of the Cabela's Marks, defendant continues to display the Cabela's Marks and advertise an affiliation with Cabela's in various advertising across the country.

21. For example, defendant continues to use the Cabela's marks and advertise an affiliation with Cabela's on defendant's website (http://www.logcabinhomes.com/), on its company letterhead, and through various third-party advertising channels.

22. On information and belief, defendant also continues to offer and sell to the public log cabin home products across the country using the Cabela's Marks. Defendant's log cabin home products are substantially related to the goods and services offered by Cabela's under the

Cabela's Marks. The log cabin home products offered and sold by defendant are not authorized or approved by Cabela's.

23. By reason of defendant's continued but unauthorized use of the Cabela's Marks in connection with log cabin home products, the public has been and is likely to continue to be confused as to the quality, source and origin of the log cabin home products being offered and sold by defendant. Because defendant continues to use, display and advertise the Cabela's Marks across the country, the public has been and will continue to be misled to believe that the log cabin home products being offered and sold by defendant are Cabela's products, or authorized or approved by Cabela's, when in fact they are not.

24. As a result, any consumer or customer dissatisfaction with the log cabin products or other products or services being offered by defendant is likely to be attributed to Cabela's, resulting in damage to Cabela's business reputation and to the goodwill associated with the Cabela's Marks.

## COUNT I TRADEMARK INFRINGEMENT

25. Cabela's repeats and realleges ¶¶ 1 through 24 of its Complaint, as if fully set forth herein.

26. Defendant's acts, practices, and conduct constitute an infringing use in interstate commerce of the Cabela's Marks, and are likely to cause consumer confusion or mistake and to deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(l).

27. As a direct and proximate result of defendant's infringement, Cabela's has been and is likely to be substantially injured in its business, including its business reputation and the goodwill associated with the Cabela's Marks, resulting in lost revenues and profits, and diminished goodwill.

28. Cabela's has no adequate remedy at law because the Cabela's Marks are unique and represent to the public Cabela's identity, reputation, and goodwill, such that damages alone cannot fully compensate Cabela's for defendant's misconduct.

29. Unless enjoined by the Court, defendant will continue to use and infringe the Cabela's Marks, to Cabela's irreparable injury. This threat of future injury to Cabela's business identity, goodwill and reputation requires injunctive relief to prevent defendant's continued use of the Cabela's Marks, and to ameliorate and mitigate Cabela's injuries.

## COUNT II UNFAIR COMPETITION

30. Cabela's repeats and realleges ¶¶ 1 through 29 of its Complaint as if fully set forth herein.

31. Defendant's acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, to deceive others as to the sponsorship, affiliation, connection, or association of the parties and the products and services they offer and sell, and to misrepresent the nature, characteristics, qualities, or geographic origin of their log cabin home products, in violation of Section 43(a) and (b) of the Lanham Act, 15 U.S.C § 1125.

32. As a direct and proximate result of defendant's unfair competition, Cabela's has been and is likely to be substantially injured in its business, including its business reputation and the goodwill associated with the Cabela's Marks, resulting in lost revenues and profits, and diminished goodwill.

33. Cabela's has no adequate remedy at law because the Cabela's Marks are unique and represent to the public Cabela's identity, reputation, and goodwill, such that damages alone cannot fully compensate Cabela's for defendant's misconduct.

34. Unless enjoined by the Court, defendant will continue to compete unfairly with Cabela's, to Cabela's irreparable injury. This threat of future injury to Cabela's business identity, goodwill, and reputation requires injunctive relief to prevent defendant's continued unfair competition, and to ameliorate and mitigate Cabela's injuries.

## COUNT III DECLARATORY JUDGMENT

35. Cabela's repeats and realleges ¶¶ 1 through 34 of its Complaint, as if fully set forth herein.

36. Defendant has repudiated the parties' agreement by word and deed.

37. As a result of defendant's repudiation, Cabela's seeks a declaratory judgment determining that the parties' licensing agreement, and any obligation that Cabela's had to perform under the agreement, is terminated.

38. An actual controversy exists between Cabela's and defendant which may be settled in its entirety by this Court with expediency and economy.

39. A judicial declaration of termination is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Cabela's respectfully prays for the following relief against defendant:

A. A preliminary and permanent injunction enjoining defendant and its agents, servants and employees, and all persons in active concert or participation with it, from:

   1. Using the Cabela's Marks or any trademark, service mark, logo or trade name that is confusingly similar to any of the Cabela's Marks;

   2. Otherwise infringing the Cabela's Marks or using any similar designation, alone or in combination with any other components;

       3.     Passing off its log cabin home products as Cabela's log cabin home products;

       4.     Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of the log cabin home products defendant offers;

       5.     Causing a likelihood of confusion or misunderstanding as to its affiliation, connection or association with Cabela's or any Cabela's product or service; and

       6.     Unfairly competing with Cabela's, in any manner;

B.     An order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of defendant, its agents, servants and employees, and any person in active concert or participation with it, bearing any of the Cabela's Marks, and all plates, molds, and other means of making the same, if any, be delivered to Cabela's at defendant's cost;

C.     That defendant be required to promptly eliminate its advertising under the Cabela's Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, websites, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at defendant's cost;

D.     That defendant be required to file with the Court and to serve upon Cabela's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order;

E.     Enter Judgment in Cabela's favor determining that the parties' license agreement, and any obligation of Cabela's under the agreement, is terminated;

F.     An award of the costs and expenses, including reasonable attorneys' fees incurred by Cabela's in connection with this action; and

G.     Such other and further relief as the Court deems just and proper.

Dated:  March 9, 2011.

        Respectfully submitted,

By: s/ Victoria H. Buter
   Thomas H. Dahlk (#15371)
   Victoria H. Buter (#23841)
   HUSCH BLACKWELL LLP
   1620 Dodge Street, Suite 2100
   Omaha, NE  68102
   Telephone:  (402) 964-5000
   Facsimile:  (402) 964-5050
   tom.dahlk@huschblackwell.com
   vicki.buter@huchblackwell.com

   AND

   Alan L. Barry
   Christopher J. Fahy
   K&L GATES LLP
   70 West Madison Street, Suite 3100
   Chicago, Illinois  60602
   Telephone: (312) 372-1121
   Facsimile: (312) 827-8000
   alan.barry@klgates.com
   christopher.fahy@klgates.com

   *Attorneys for Plaintiffs*